4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Dale PUCKETT, Plaintiff-Appellant,
v.
CITY OF RICHMOND, VIRGINIA; Richmond Police Department;
Joe Hood; Public Defender Commission; Alice V. Sheridan;
City Council and Clerk's Office; Marty Tapscott, Chief of
Police; Walter Kenny, Mayor of Richmond, Virginia; Judge
Robinson, City Judge, Defendants-Appellees.
 No. 93-1717.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the Eastern District of Virginia, at Richmond, No. MISC-93-10; Robert R. Merhige, Jr., Senior District Judge.
 Robert Dale Puckett, pro se.
 E.D.Va.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Dale Puckett appeals the district court's order denying Puckett's application to proceed in forma pauperis and imposing a prefiling injunction restricting Puckett's ability to file future lawsuits. The injunction read in pertinent part:
 
 
 2
 Mr. Puckett will be required upon the filing of any lawsuit to prepay a sum equal to five percent (5%) of his monthly net income, and the further sum of five percent (5%) each and every month until the appropriate sums for the filing of each particular lawsuit is [sic] paid. In addition, Mr. Puckett will be prohibited from the filing of any suit which appears on its face to be identical to one previously filed.
 
 
 3
 We affirm in part and vacate and remand in part.
 
 
 4
 Puckett has demonstrated a pattern of filing repetitive and frivolous lawsuits. In the instant action, he raised substantially the same claims adjudicated in a previous action in the district court. In light of Puckett's history of vexatious filing, and since the present action was, on its face, repetitive of the earlier action, we find that the denial of leave to appeal in forma pauperis was not an abuse of discretion.
 
 
 5
 We agree with the district court that Puckett's previous actions were frivolous and constituted an irrational abuse of the courts. However, once this determination was made, the district court should have given Puckett notice that it was considering imposing an injunction as well as an opportunity to be heard on the matter. Only after affording Puckett such notice and chance to be heard should the court have considered imposing a prefiling injunction.
 
 
 6
 On remand, if the court determines after proper notice and a hearing that an injunction is warranted, the district court should take care to tailor an injunction that recognizes the need to deter Puckett from flooding the courts with frivolous and vexatious lawsuits while at the same time ensuring that the injunction is not so financially severe that its practical effect is to prevent Puckett from bringing meritorious claims before the court. Our specific concern is that the injunction imposed in this case, which we interpret to bar Puckett from ever proceeding in forma pauperis in a potentially meritorious lawsuit, could, because of its severity, effectively deny him access to the courts.
 
 
 7
 As our review of the record and other materials before the Court reveals that it would not significantly aid the decisional process, we dispense with oral argument. Leave to proceed in forma pauperis is granted.
 
 
 8
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.